IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
NORTHERN DIVISION

NO. 2:08-CR-6-FL
NO. 2:10-CV-38-FL

| | |
|---|---|
| TRAVIS BANKS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **MEMORANDUM AND** |
| ) | **RECOMMENDATION** |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

This cause comes before the Court upon the Government's Motion to Dismiss (DE-87) Petitioner's motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence by a person in federal custody ("Motion to Vacate") (DE-82). Petitioner has not filed a response and the time for doing so has expired. Accordingly, the Government's Motion to Dismiss is now ripe for adjudication. Pursuant to 28 U.S.C. 636(b)(1) this matter is before the undersigned for the entry of a Memorandum and Recommendation. For the following reasons, it is HEREBY RECOMMENDED that the Government's Motion to Dismiss (DE-87) be GRANTED and that Petitioner's Motion to Vacate (DE-82) be DENIED.

## I. Background

Petitioner was charged with controlled substance and firearm offenses in a three count indictment on February 27, 2008 (DE-1). On March 10, 2009, Petitioner pleaded guilty to two of the three counts (DE-54). This guilty plea was memorialized in a written agreement and

1

approved by this Court following a hearing pursuant to Rule 11 of the Federal Rules of Criminal Procedure (DE's 54-56).

In his plea agreement, Petitioner agreed to:

> . . . plead guilty to Counts One and Two of the Indictment herein. . .
>
> . . . To waive knowingly and expressly all rights, conferred by 18 U.S.C. § 3742, to appeal whatever sentence is imposed, including any issues that relate to the establishment of the advisory Guideline range, reserving only the right to appeal from a sentence in excess of the applicable advisory Guideline range that is established at sentencing, and further to waive all rights to contest the conviction or sentence in any postconviction proceeding, including one pursuant to 28 U.S.C. § 2255, excepting an appeal or motion based upon grounds of ineffective assistance of counselor prosecutorial misconduct not known to the Defendant at plea. The constitute or of any of its the time of the Defendant's guilty foregoing appeal waiver does not trigger a waiver by the united States rights to appeal provided by law.
> (DE-55, pg. 1-2).

Likewise, during Petitioner's Rule 11 hearing, the following testimony occurred:

> THE COURT: HAVE YOU READ THIS INDICTMENT BEFORE TODAY?
>
> THE DEFENDANT: YES, MA'AM.
>
> THE COURT: DO YOU FULLY UNDERSTAND WHAT YOU ARE CHARGED WITH?
>
> THE DEFENDANT: YES, MA'AM . . .
>
> THE COURT: VERY GOOD. HAVE YOU HAD ENOUGH TIME TO DISCUSS YOUR CASE WITH MR. GREENE?
>
> THE DEFENDANT: YES.
>
> THE COURT: ARE YOU FULLY SATISFIED WITH HIS LEGAL SERVICES?
>
> THE DEFENDANT: YES . . .
>
> THE COURT: DO YOU UNDERSTAND YOU ARE UNDER OATH

AND IF YOU ANSWER ANY QUESTIONS FALSELY, YOU COULD BE SUBJECT OF ANOTHER PROSECUTION?

THE DEFENDANT: YES, MA'AM.

THE COURT: ALL RIGHT. I AM HOLDING UP IN MY RIGHT HAND A 7-PAGE PLEA AGREEMENT, AND IT HAS BEEN SIGNED BY MR. GOULIAN, YOUR LAWYER, AND YOURSELF, DATED MARCH 9. DID YOU HAVE A CHANCE --

MR. GREENE: YOUR HONOR, I APOLOGIZE. I WAS TELLING HIM THAT WAS THE DOCUMENT HE SIGNED YESTERDAY.

THE COURT: ALL RIGHT. DID YOU READ THIS BEFORE YOU SIGNED IT?

THE DEFENDANT: YES, MA'AM.

THE COURT: DID YOU HAVE ENOUGH TIME TO TALK

TO MR. GREENE BEFORE YOU SIGNED IT?

THE DEFENDANT: YES, MA'AM.

THE COURT: DID YOU, IN FACT, TALK TO HIM?

THE DEFENDANT: YES, MA'AM.

THE COURT: DID YOU, IN FACT, READ EVERY WORD BEFORE YOU SIGNED IT?

THE DEFENDANT: YES, MA'AM.

THE COURT: DID YOU UNDERSTAND WHAT YOU READ?

THE DEFENDANT: YES, MA'AM.

THE COURT: HAS ANYBODY MADE ANY OTHER OR DIFFERENT PROMISE TO YOU IN AN EFFORT TO MAKE YOU TODAY COME INTO COURT AND PLEAD GUILTY?

THE DEFENDANT: NO, MA'AM. . . .

THE COURT: ALL RIGHT. DO YOU UNDERSTAND BEGINNING ON PAGE 1 AND CONTINUING IN THIS PLEA AGREEMENT, THAT

3

> YOU HAVE AGREED TO WAIVE OR GIVE UP VERY VALUABLE RIGHTS TO APPEAL?
>
> THE DEFENDANT: YES, MA'AM.
>
> THE COURT: AND DO YOU UNDERSTAND THAT WHEN OTHER DEFENDANTS WHO HAVE DONE THE SAME THING HAVE TRIED TO CHALLENGE THOSE IN COURT, THEY HAVE USUALLY BEEN UNSUCCESSFUL. DO YOU UNDERSTAND THAT?
>
> THE DEFENDANT: YES, MA'AM.
>
> THE COURT: SO THEY ARE ENFORCEABLE WAIVERS USUALLY. ARE YOU PLEADING GUILTY OF YOUR OWN FREE WILL BECAUSE YOU ARE, IN FACT, GUILTY OF THE OFFENSES CHARGED IN COUNT 1 AND COUNT 2?
>
> THE DEFENDANT: YES, MA'AM.
>
> (DE-89. pg. 3, 8, 11-13)

Petitioner was sentenced on December 7, 2009 to a 199-month term of imprisonment for the drug offense and a consecutive 60-month term of imprisonment pursuant to 18 U.S.C. § 924(c) for possession of a firearm in furtherance of a drug trafficking crime (DE-72). A Notice of Appeal was filed by Petitioner on December 14, 2009 (DE-74). The Fourth Circuit dismissed Petitioner's appeal without addressing its merits (DE-80). Finally, Petitioner filed his Motion to Vacate on July 20, 2010 (DE-82).

## II. Legal Standards

### A. Motion to Dismiss

Respondent has filed its motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. "The purpose of a Rule 12(b)(6) motion is to test the sufficiency of a [claim] . . . " Edwards v. City of Goldsboro, 178 F.3d 231, 243 (4th Cir. 1999). To survive a Rule 12(b)(6) motion, a plaintiff must " 'give the defendant fair notice of what the ... claim is and the grounds

4

upon which it rests.' " Erickson v. Pardus, 551 U.S. 89, 93 (2007) (*quoting* Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). The facts alleged must "raise a right to relief above the speculative level," and must contain "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U .S. at 555, 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions" or "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id*. A claim may survive a motion to dismiss only if it "states a plausible claim for relief" that "permit[s] the court to infer more than the mere possibility of misconduct" based upon "its judicial experience and common sense." *Id.* at 1950. Without such "heft," *Id*. at 1947, claims cannot establish a valid entitlement to relief, as facts that are "merely consistent with a defendant's liability," *Id.* at 1949, fail to nudge claims "across the line from conceivable to plausible." *Id.* at 1951 (quotations omitted)

Plaintiff, as a *pro se* litigant, is entitled to have his pleadings construed more liberally than those drafted by attorneys. *See* Haines v. Kerner, 404 U.S. 519 (1972). Nevertheless, there are limits to which the court may legitimately go in construing such complaints. *See* Beaudett v. City of Hampton, 775 F.2d 1274, 1277-78 (4th Cir. 1985).

**B.   28 U.S.C. § 2255**

Title 28 U.S.C. § 2255 requires a petitioner to prove by a preponderance of the evidence that his "sentence was imposed in violation of the Constitution or laws of the United States, or that the Court was without jurisdiction to impose such sentence, or that the sentence was in excess of

5

the maximum authorized by law."  28 U.S.C. § 2255(a).

"In a §2255 proceeding, the burden is on the petitioner to prove his allegations by a preponderance of the evidence, not on the government to disprove them."  Abdul-Aziz v. United States, 2008 WL 4238943, *5 (N.D.W.Va. Spt. 12, 2008) (unpublished decision) (*citing* Sutton v. United States v. United States, 2006 WL 36859, * 2 (E.D.Va. Jan. 4, 2006) (unpublished decision)); *see also*, Miller v. United States, 261 F.2d 546, 547 (4th Cir. 1958) (stating that during a "proceeding under 28 U.S.C. § 2255 . . . the burden of proof is upon petitioner to establish [his claim] by a preponderance of evidence . . .").

## C.   Effect of Petitioner's Guilty Plea

A valid guilty plea constitutes admission of the material elements of the crime.  McCarthy v. United States, 394 U.S. 459, 466 (1969).  The sworn representations made by a criminal defendant at plea proceedings " carry a strong presumption of verity" and "constitute a formidable barrier against any subsequent collateral proceedings."  Blackledge v. Allison, 431 U.S. 63, 74 (1977).  Furthermore, a guilty plea normally waives any claim based on non-jurisdictional errors occurring prior to the plea.  Tollett v. Henderson, 411 U.S. 258, 267 (1973).  In Tollett, the Supreme Court concluded that an intelligent and voluntary plea of guilty generally bars habeas review of claims relating to the deprivation of constitutional rights that occurred before the defendant pleaded guilty.  The Supreme Court  held that, "[t]he focus of federal habeas inquiry is the nature of [defense counsel's] advice and the voluntariness of the plea, not the existence as such of an antecedent constitutional infirmity."  *Id.* at 266-67.   Thus, in a collateral attack, petitioner may only challenge the voluntary and intelligent character of a plea, such as by demonstrating that he received ineffective assistance of counsel.  *Id.*

Notably, statements made by a defendant during a hearing to accept a guilty plea are

6

subject to a strong presumption of veracity, and challenges under 28 U.S.C. § 2255 that contradict these statements may generally be dismissed:

> [A] defendant's solemn declarations in open court . . . 'carry a strong presumption of verity . . . because courts must be able to rely on the defendant's statements made under oath during a properly conducted Rule 11 plea colloquy . . . Indeed, because they do carry such a presumption, they present a formidable barrier in any subsequent collateral proceedings . . . Thus, in the absence of extraordinary circumstances . . . allegations in a § 2255 motion that directly contradict the petitioner's sworn statements made during a properly conducted Rule 11 colloquy are always "palpably incredible" and "patently frivolous or false" . . .
>
> Thus, in the absence of extraordinary circumstances, the truth of sworn statements made during a Rule 11 colloquy is conclusively established, and a district court should, without holding an evidentiary hearing, dismiss any § 2255 motion that necessarily relies on allegations that contradict the sworn statements. Otherwise, a primary virtue of Rule 11 colloquies would be eliminated – permitting quick disposition of baseless collateral attacks.
> U.S. v. Lemaster, 403 F.3d 216, 221-222 (4th Cir. 2005)(internal citations and quotations omitted)

### III.  Analysis

As an initial matter, the undersigned notes that Petitioner has waived his right to contest his conviction or sentence, including by § 2255 motion, except for an appeal or motion based upon ineffective assistance of counsel or prosecutorial misconduct not known to the Defendant at the time of the Defendant's guilty plea (DE-55). In his Motion to Vacate Petitioner asserts that: 1) his federal sentence should run concurrent to a state sentence; 2) his "924(c) charge should . . . [not] have . . . run consecutive to . . . [his] drug trafficking offence . . ."; and 3) his trial counsel was ineffective (DE-82, pg. 4-7).

Each of these claims were known to Petitioner at the time of his guilty plea, and therefore he has waived the right to raise them. The Fourth Circuit has held that a defendant can, through a

plea agreement, waive his appellate rights as well as the right to collaterally attack his conviction. *See*, United States v. Poindexter, 492 F.3d 263, 267-268 (4th Cir. 2007); Lemaster, 403 F.3d at 220. These waivers are valid and enforceable so long as they are knowing and voluntary. *See*, United States v. Blick, 408 F.3d 162, 168 (4th Cir. 2005); Lemaster, 403 F.3d at 220. Portions of Petitioner's Rule 11 colloquy have already been cited, and those citations establish that Petitioner's waivers were knowing and voluntary.

Moreover, several of these claims are not "plausible on [their] face" and should be dismissed. Twombly, 550 U .S. at 555, 570. For example, Ground One of Petitioner's § 2255 petition fails because it is not the proper subject matter for a motion to vacate. Petitioner asserts that his federal sentence was supposed to run concurrent with a state sentence and that the Bureau of Prisons has not credited his sentence with any time served in state custody. This kind of argument attacks the execution of Petitioner's sentence, not its legality, and therefore is only properly raised in a habeas petition pursuant to 28 U.S.C. § 2241. In re Vial, 115 F.3d 1192, 1194 n.5 (4th Cir. 1997). Similarly, Petitioner's argument in Count Two of his Motion to Vacate is contrary to Fourth Circuit precedent. *See* United States v. Studifin, 240 F.3d 415, 420-24 (4th Cir. 2001); United States v. Mitchell, 691 F. Supp. 2d 665, 668 (E.D. Va. 2010) ("§ 924(c)'s minimum sentence requirements apply notwithstanding that convictions for predicate offenses impose greater mandatory minimum sentences.")

In addition, Petitioner's assertions with regard to his ineffective assistance of counsel claims directly contradict his sworn statements made during a Rule 11 colloquy. Therefore, they are hereby deemed 'palpably incredible' and 'patently frivolous or false.' " Lemaster, 403 F.3d at 221 (*quoting* Crawford v. United States, 519 F.2d 347, 350 (4th Cir.1975)).

In short, Petitioner's claims: 1) are without merit; 2) directly contradict his sworn

8

statements made during a Rule 11 colloquy; and 3) are barred by his Plea Agreement.

**IV.   Conclusion**

For the aforementioned reasons, it is HEREBY RECOMMENDED that the Government's Motion to Dismiss (DE-87) be GRANTED and that Petitioner's Motion to Vacate (DE-82) be DENIED.

SO RECOMMENDED in Chambers at Raleigh, North Carolina on Thursday, December 09, 2010.

_____
WILLIAM A. WEBB
UNITED STATES MAGISTRATE JUDGE