IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
NORTHERN DIVISION

NO. 2:08-CR-6-FL-1
NO. 2:10-CV-38-FL

| | |
|---|---|
| TRAVIS DEVON BANKS, ) | |
| ) | |
| Petitioner, ) | |
| ) | ORDER |
| v. ) | |
| ) | |
| UNITED STATES OF AMERICA ) | |
| ) | |
| Respondent. ) | |

Petitioner Travis Devon Banks moved the court to vacate his sentence pursuant to 28 U.S.C. § 2255 (DE # 82). The government moved to dismiss (DE # 87). Pursuant to 28 U.S.C. § 636(b)(1), United States Magistrate Judge William Webb entered a memorandum and recommendation ("M&R") (DE # 90), in which he recommends granting the government's motion and denying the § 2255 petition. No objections to the M&R were filed, but petitioner did file a motion for appointment of counsel (DE # 91). The issues raised in these motions are now ripe for adjudication. For the reasons that follow, petitioner's motion for appointment of counsel is denied. The court adopts the magistrate judge's recommendation, grants the government's motion to dismiss, and denies the § 2255 petition.

**BACKGROUND**

On March 10, 2009, petitioner pleaded guilty pursuant to a plea agreement to possession with intent to distribute five grams or more of cocaine base, in violation of 21 U.S.C. § 841(a)(1), and possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A)(1). For these offenses, he was sentenced on December 7, 2009, to a total term of

imprisonment of two hundred and fifty-nine months (259). Petitioner timely appealed, but the Fourth Circuit dismissed the appeal by order entered January 20, 2010.

On July 20, 2010, petitioner filed the instant *pro se* motion to vacate pursuant to § 2255. Petitioner contends (1) that the Bureau of Prisons ("BOP") has failed to follow the court's instruction that his federal sentence run concurrent to his state sentence; (2) that petitioner's sentence for unlawfully possessing a firearm should not have been run consecutive to the drug trafficking offense, and (3) that his counsel was ineffective for coercing him to plead guilty.

The government moved to dismiss the § 2255 petition on October 5, 2010. The government cites petitioner's written plea agreement, in which petitioner agreed to "waive all rights to contest the conviction or sentence in any post-conviction proceeding, including one pursuant to 28 U.S.C. § 2255, excepting an appeal or motion based upon grounds of ineffective assistance of counsel or prosecutorial misconduct not know to the [petitioner] at the time of the . . . guilty plea." The government also argues that the first ground for relief stated by petitioner, relating to the BOP crediting his federal sentence with time served on state charges, is not properly raised pursuant to § 2255, but rather must be raised in a motion pursuant to § 2241.

The motions were referred to the magistrate judge, who entered his M&R on December 9, 2010. The magistrate judge, relying on the waiver in petitioner's plea agreement, agreed with the government that the § 2255 petition should be dismissed. The magistrate judge also agreed that the first claim for relief is properly brought only under § 2241. Petitioner did not timely object to the magistrate judge's recommendation that the court grant the government's motion to dismiss.

On January 11, 2011, petitioner wrote the undersigned a letter asking that counsel be appointed to assist him. The court took the letter into the record as a motion to appoint counsel.

2

**DISCUSSION**

A.   Motion to Appoint Counsel

In his letter dated January 11, 2011, petitioner requests that this court appoint counsel to assist him with filing a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 to get his state sentence credited towards his federal sentence. Petitioner also requests counsel to pursue a motion for modification of an imposed term of imprisonment pursuant to 18 U.S.C. § 3582(c).

The court begins with petitioner's motion to appoint counsel to pursue his § 2241 petition. There is no constitutional right to counsel in habeas corpus actions. Pennsylvania v. Finley, 481 U.S. 551, 555 (1987). Under 18 U.S.C. § 3006A(a)(2)(B), a court may appoint counsel in a habeas corpus proceeding if it determines that "the interests of justice so require." The request has been reviewed and the undersigned finds that petitioner has not presented issues of great legal complexity, and finds that petitioner does not presently require appointment of counsel. Accordingly, petitioner's motion is denied as to his request to his § 2241 motion.

The court next considers petitioner's motion to appoint counsel to proceed with a motion for reduction of sentence pursuant to § 3582(c). Petitioner states that he seeks counsel to address the new crack law that came into effect. It appears that petitioner seeks counsel to pursue a claim pursuant to the Fair Sentencing Act of 2010, Pub. L. No. 111-220, 124 Stat. 2372 (Aug. 3, 2010), which imposed an 18:1 crack to powder cocaine sentencing ratio.

Petitioner was sentenced before the Fair Sentencing Act went into effect, and that law does not apply retroactively. See United States v. Wilson, No. 10-4160, 2010 WL 4561381, at *2 (4th Cir. Nov. 12, 2010) (unpublished). Of course, the court may modify a term of imprisonment "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range

3

that has subsequently been lowered by the Sentencing Commission . . . if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2); see Dillon v. United States, 130 S. Ct. 2683, 2688 (2010); United States v. Stewart, 595 F.3d 197, 200-01 (4th Cir. 2010). However, the guidelines promulgated in the wake of the Fair Sentencing Act have not yet been made retroactive by the Sentencing Commission, although they are considering doing so. See Notice of Proposed Amendments to Sentencing Guidelines, 76 Fed. Reg. 3193, 3195-96 (Jan. 19, 2011). As such, petitioner's request under § 3582(c) would be premature at this juncture.

Petitioner is not foreclosed in the future from reasserting his motion for counsel if the 18:1 crack to powder cocaine sentencing guideline is made retroactive. In the past, the Federal Public Defender has been appointed to represent indigent defendants seeking a reduction of sentence under § 3582(c) based on a retroactive crack cocaine guidelines amendment. See Petitions for Retroactive Application of November 1, 2007 Amendment to Crack Cocaine Offense Level Guidelines, 08-SO-1 (E.D.N.C. Feb. 21, 2008). It is possible that, if the new 18:1 crack to powder cocaine ration is made retroactive by the Sentencing Commission, the Federal Public Defender will be appointed to represent petitioner on a timely filed § 3582(c) motion. However, appointment of counsel is not necessary at this time. Petitioner's motion is therefore denied.

B.  § 2255 Petition

Petitioner's motion to vacate his sentence, and the government's motion to dismiss that petition, are before the court with benefit of the magistrate judge's analysis. As noted, the magistrate judge recommended granting the government's motion to dismiss and denying the § 2255 petition. The magistrate judge found that the waiver in petitioner's plea agreement was effective

4

to bar petitioner's motion with respect to his arguments about ineffective assistance and the propriety of a consecutive sentence for the firearm charge. The magistrate judge further found that petitioner's claim that the BOP had improperly refused to credit his federal sentence with time served on state court charges was not the proper subject of a motion under § 2255. Petitioner did not timely object to the magistrate judge's recommendations.

The district court reviews *de novo* only those portions of a magistrate judge's M&R to which specific objections are filed. 28 U.S.C. § 636(b). Absent a specific and timely filed objection, the court reviews only for "clear error," and need not give any explanation for adopting the M&R. Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005); Camby v. Davis, 718 F.2d 198, 200 (4th Cir.1983). Upon careful review of the record, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(c).

After a considered review of the M&R, the court agrees with the conclusions reached by the magistrate judge. As such, it adopts the findings and recommendations of the M&R. The government's motion to dismiss is granted. Count One of the petition is dismissed without prejudice so that petitioner may properly bring his challenge to the BOP's calculation of his sentence under § 2241. Counts Two and Three are dismissed with prejudice.

C.   Certificate of Appealability

A § 2255 applicant "cannot take an appeal unless a circuit justice or a circuit or district judge issues a certificate of appealability under 28 U.S.C. § 2253(c)." Fed. R.App. P. 22(b)(1). A certificate of appealability may issue only upon a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

5

Where a petitioner's constitutional claims have been adjudicated and denied on the merits by the district court, the petitioner must demonstrate reasonable jurists could debate whether the issue should have been decided differently or show the issue is adequate to deserve encouragement to proceed further. Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Slack v. McDaniel, 529 U.S. 473, 483-84 (2000). Where a petitioner's constitutional claims are dismissed on procedural grounds, a certificate of appealability will not issue unless the petitioner can demonstrate both "(1) 'that jurists of reason would find it debatable whether the petition [or motion] states a valid claim of denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" Rose v. Lee, 252 F.3d 676, 684 (4th Cir.2001) (quoting Slack, 529 U.S. at 484).

After reviewing the claims presented in the habeas petition in light of the applicable standard, the court finds reasonable jurists would not find the court's treatment of any of petitioner's claims debatable or wrong and none of the issue are adequate to deserve encouragement to proceed further. Accordingly, a certificate of appealability is denied.

## CONCLUSION

For the foregoing reasons, motion for appointment of counsel (DE # 91) is DENIED. Upon a careful review of the record, the court ADOPTS the findings and recommendations of the magistrate judge (DE # 90) as its own. The government's motion to dismiss (DE # 87) is GRANTED and the petition (DE # 82) is DISMISSED. Count One is dismissed without prejudice, so that petitioner may properly bring his challenge to the BOP's calculation of his sentence under § 2241. Counts Two and Three are dismissed with prejudice. Petitioner is DENIED a certificate of appealability.

SO ORDERED, this the 25th day of February, 2011.

LOUISE W. FLANAGAN
Chief United States District Judge