IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
NORTHERN DIVISION

NO. 2:08-CR-6-FL-1
NO. 5:12-HC-2302-FL

| | | |
|---|---|---|
| TRAVIS DEVON BANKS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

The matter is before the court on the unopposed motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6)[1] (DE 106) of respondent the United States of America ("respondent"). In this posture, the issues raised are ripe for adjudication. For the following reasons, the court grants respondent's motion to dismiss.

**STATEMENT OF THE CASE**

On March 10, 2009, petitioner pleaded guilty in this court, pursuant to a written plea agreement, to possession with the intent to distribute more than five grams of cocaine base in violation of 21 U.S.C. § 841(a)(1) and to possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A). On December 7, 2009, the court sentenced petitioner to an aggregate term of two hundred fifty-nine (259) months imprisonment. Petitioner subsequently

---

[1] Respondent does not state the Federal Rule of Civil Procedure governing his motion to dismiss. Accordingly, the court assumes that respondent moves to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim.

filed a direct appeal to the United States Court of Appeals for the Fourth Circuit, which was dismissed on January 20, 2010. United States v. Banks, No. 09-5196 (4th Cir. Jan. 20, 2010).

On July 20, 2010, petitioner filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. The court dismissed petitioner's § 2255 petition on February 28, 2011.

On November 30, 2012,[2] petitioner, through counsel, filed this habeas petition pursuant to 28 U.S.C. § 2241, challenging his designation as a career offender in light of the Fourth Circuit Court of Appeals' ruling in United States v. Simmons, 649 F.3d 237 (4th Cir. 2011). Petitioner further contends that in the event the court determines that Simmons applies to petitioner's sentence and the career offender enhancement no longer is applicable, then the Fair Sentencing Act of 2010 and new crack guidelines will apply retroactively to this action. On December 19, 2012, respondent filed a motion to dismiss arguing that petitioner may not proceed with his action pursuant to § 2241. Although he was notified of respondent's motion to dismiss, petitioner failed to respond.

## DISCUSSION

A.  Standard of Review

A motion to dismiss under Rule 12(b)(6) determines only whether a claim is stated; "it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party v. Martin, 980 F.2d 943, 952 (4th Cir. 1992). A claim is stated if the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). In evaluating whether a claim is stated, "[the] court accepts all well-pled

---

[2] On December 3, 2012, petitioner filed a corrected § 2241 petition in response to a notice of deficiency as to petitioner's first petition.

facts as true and construes these facts in the light most favorable to the [petitioner]," but does not consider "legal conclusions, elements of a cause of action, . . . bare assertions devoid of further factual enhancement[,] . . . unwarranted inferences, unreasonable conclusions, or arguments." Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255 (4th Cir. 2009) (citations omitted). In other words, this plausibility standard requires a petitioner to articulate facts, that, when accepted as true, demonstrate that the petitioner has stated a claim that makes it plausible he is entitled to relief. Francis v. Giacomelli, 588 F.3d 186, 193 (4th Cir. 2009) (quoting Iqbal, 556 U.S. at 678, and Twombly, 550 U.S. at 557).

B.  Analysis

Respondent contends that petitioner's action should be dismissed because petitioner is inappropriately attacking the legality of his sentence in his § 2241 petition. The legality of one's conviction and sentence must be challenged under 28 U.S.C. § 2255 unless "the remedy by motion [under § 2255] is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255; see In re Vial, 115 F.3d 1192, 1194 (4th Cir. 1997) (en banc). A procedural impediment to § 2255 relief, such as the statute of limitations or the rule against successive petitions, does not render § 2255 review inadequate or ineffective. Id. 115 F.3d at 1194, n. 5.

The Fourth Circuit has examined the prerequisites for finding that § 2255 is an inadequate or ineffective remedy. See In re Jones, 226 F.3d 328, 333-34 (4th Cir. 2000). In Jones, the court held that:

> § 2255 is inadequate and ineffective to test the legality of a conviction when: (1) at the time of the conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and

3

>  (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

Id.

In this case, petitioner is not able to satisfy the second prong of the Jones test because the substantive law has not changed so that his conduct underlying his convictions for possession with the intent to distribute more than five grams of cocaine base and possession of a firearm in furtherance of a drug trafficking crime are no longer criminal. Rather, petitioner attacks his career offender sentencing enhancement on the grounds that two of the convictions used to enhance his sentence as a career offender no longer qualify as predicate offenses under the Fourth Circuit Court of Appeals' ruling in Simmons.

The Fourth Circuit Court of Appeals, however, has not extended the reach of the savings clause to include those petitioners challenging only their sentence. Farrow v. Revell, No. 13-6804, 2013 WL 5546155, at *1 (4th Cir. Oct. 9, 2013) (concluding that the petitioner's challenge to his armed career criminal status was not cognizable in a § 2241 petition, and that the petitioner only could proceed, pursuant to § 2241, with his claim alleging actual innocence of being a felon in possession of a firearm) (citing United States v. Poole, 531 F.3d 263, 267 (4th Cir. 2008)); United States v. Pettiford, 612 F.3d 270, 284 (4th Cir. 2010) (holding that "actual innocence applies in the context of habitual offender provisions only where the challenge to eligibility stems from factual innocence of the predicate crimes, and not from the legal classification of the predicate crimes."). Because petitioner does not argue that the conduct for which he was convicted, has been deemed

4

Case 2:08-cr-00006-FL   Document 109   Filed 11/08/13   Page 4 of 5

non-criminal, the court finds that he has not satisfied the Jones criteria by establishing that § 2255 is inadequate or ineffective to test the legality of his detention.[3]

The court cannot convert this § 2241 petition into a § 2255 petition because petitioner previously has filed such a habeas action. A second or successive § 2255 petition may not be brought prior to the United States Court of Appeals for the Fourth Circuit certifying that the new petition contains either newly discovered evidence or "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255; see United States v. Winestock, 340 F.3d 200, 205 (4th Cir. 2003). Petitioner has not shown either of these. Therefore, petitioner has failed to satisfy the § 2255 gatekeeping provision. Accordingly, he may not proceed with this claim pursuant to 28 U.S.C. § 2241, and this action is DISMISSED without prejudice.

## CONCLUSION

For the foregoing reasons, respondent's motion to dismiss (DE 106) is GRANTED, and the action is DISMISSED without prejudice. The Clerk of Court is DIRECTED to close this case.

SO ORDERED, this the 8th day of November, 2013.

_____
LOUISE W. FLANAGAN
United States District Judge

---

[3] The court notes that petitioner is not entitled to relief on claim two because, as petitioner concedes, claim two applies only in the event that petitioner is granted relief on his Simmons claim and is re-sentenced without the career offender sentencing enchantment. Pet. p. 8; Mem. in Supp. of Pet. p. 3. As stated, petitioner has not been granted relief on his Simmons claim.

5